IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | | |
|---|---|---|---|
| **BRENDA RUFUS,** | * | | |
| Plaintiff, | * | | |
| v. | * | Civil No. | **PJM 17-351** |
| **SENECA MORTGAGE SERVICING, LLC,** *et al.*, | * | | |
| Defendants. | * | | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Brenda Rufus has sued Seneca Mortgage Servicing, LLC (Seneca), U.S. Bank National Association (U.S. Bank), Michael Radziewicz, and Gerald Dupree (collectively, Defendants).[1] In her original Complaint and Request for Injunction (ECF No. 1), Rufus seemingly alleged that her right to due process and other constitutional rights were violated in relation to her interest in real property at 10502 Cedarwood Lane, Fort Washington, Maryland 20744 (the Property). Seneca filed a Motion to Dismiss the Complaint (ECF No. 10), then Rufus filed an Amended Complaint and Request for Injunction (ECF No. 15), nearly identical to the original, save one puzzling additional allegation and an increase in the amount of money damages sought. Seneca subsequently filed a Motion to Dismiss Amended Complaint (ECF No. 16) to which Rufus responded on June 7, 2017.

For the following reasons, Seneca's Motion to Dismiss Amended Complaint (ECF No. 16) is **GRANTED IN PART** and **DENIED IN PART**.

---

[1] Rufus' original Complaint (ECF No. 1) also listed Does 1 to 50 in the caption. However, Does 1 to 50 were removed from the caption in the Amended Complaint (ECF No. 15), and neither the original nor Amended Complaints otherwise mention Does 1 to 50.

1

## I. FACTS AND PROCEDURAL HISTORY

Rufus originally filed suit on February 6, 2017. Compl., ECF No. 1. Her Complaint and Request for Injunction (original Complaint) alleged diversity of citizenship based on the fact that Seneca was citizen of New York[2] and that the amount of in controversy was $500,000. *Id.* at 3-4. She stated that the events giving rise to her claim occurred "within the past few years, following the crises and debacles stemming from the Mortgage Meltdown disaster circa 2008." *Id.* at 4. She claimed that Defendants violated her right to due process and other constitutional rights by implementing improper mortgage company procedures. *Id.* These improper procedures included "servicing through an independent broker / realtor, and . . . improper noticing for mortgage note and deed activities ([i].e., divergent paths for both." *Id.* at 5. According to Rufus, this constituted fraud, negligence, and misrepresentation. *Id*. She sought an injunction cancelling Defendants' claims to any deed in the Property. She also suggested that she faced irreparable injury because Defendants' have claimed an estate or interest in the Property adverse to her own interest without valid right, title, interest, or deed. *Id*. at 5.

Service of Process receipts were filed with respect to Michael Radziewicz (served by restricted delivery, certified mail on March 27, 2017), Seneca (served by restricted delivery, certified mail on March 29, 2017), and U.S. Bank (served by restricted delivery, certified mail on April 3, 2017). ECF No. 12. A summons was returned unexecuted as to Gerald Dupree. ECF No. 13.

On April 19, 2017, Seneca filed a Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction. ECF No. 10. On May 5, 2017, Rufus filed an Amended Complaint and Request for Injunction (Amended Complaint). ECF No. 15. The Amended Complaint is nearly

---

[2] While Rufus noted a Cincinnati, Ohio address for U.S. Bank, she did not provide addresses for the individual Defendants, merely listing their addresses as "(On file)." Compl. at 2.

identical to the original, but "escalated" the amount in controversy to $1,400,000 and added the following allegation: "Causes(s) of action exist from divergent paths taken by both the mortgage note and the deed of trust ; E.g., A cloud on all title activity exists due to no definitive claimant of ownership of the note(s), due to divergent paths taken by both the mortgage note and by the deed of trust." *Id*. at 5. On May 16, 2017, Seneca filed a Motion to Dismiss Amended Complaint (ECF No. 16), in which it contends that the Amended Complaint should be dismissed because Rufus has not pleaded facts sufficient to support a cause of action, has not pleaded fraud and misrepresentation with particularity, and has not pleaded facts sufficient to establish that the Court has subject-matter jurisdiction. *See generally id.* Rufus responded on June 7, 2017, and Seneca replied on June 12, 2017.

## II. STANDARDS OF LAW

Federal Rule of Civil Procedure 8(a) prescribes "liberal pleading standards," requiring only that a plaintiff submit a "short and plain statement of the claim showing that [he or she] is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). But this standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court will accept factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Indeed, the court need not accept legal conclusions couched as factual allegations or "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). In the end, the complaint must contain factual allegations sufficient to

apprise a defendant of "what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).

While federal courts are obliged to liberally construe a *pro se* litigant's claims in applying the above analysis, this requirement "does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (internal quotations and citations omitted). The Fourth Circuit has noted that "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986)). Accordingly, although the facts alleged in plaintiff's complaint must be taken as true, bare conclusory statements "are not entitled to the assumption of truth." *Aziz v. Alcolac*, *Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679)) (internal quotation marks omitted).

### III. ANALYSIS

A complaint which "fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading . . . or [one in which] it is virtually impossible to know which allegations of fact are intended to support which claims for relief" constitutes a "shotgun pleading." *SunTrust Mortgage, Inc. v. First Residential Mortgage Servs. Corp.*, No. 3:12CV162, 2012 WL 7062086, at *7 (E.D. Va. Sept. 11, 2012), *report and recommendation adopted*, No. 3:12CV162, 2013 WL 505828 (E.D. Va. Feb. 8, 2013). Rule 8(a)(2) "prohibit[s]" "[p]leadings of this nature." *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008). Not only do pleadings of this sort fail to apprise the opposing party of the particular claims against it (and the potential extent of its liability), *see Twombly,* 550 U.S. at 555; they also

4

"water[] down the rights of parties to have valid claims litigated efficiently" and waste scarce judicial resources, *see Byrne v. Nezhat*, 261 F.3d 1075, 1130-31 (11th Cir. 2001), *abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146 (11th Cir. 2011).

Rufus' Amended Complaint fails to identify a statutory basis for her suit. She simply alleges that Defendants violated her right to due process and constitutional rights, citing their alleged fraud, negligence, and misrepresentation. She suggests that Defendants implemented improper mortgage noticing procedures and inappropriately handled the relevant mortgage note and deed of trust. The crux of her claims seems to relate to Defendants' allegedly wrongful claim of interest in the Property despite their lack of legal right, title or interest. However, Rufus alleges no facts suggesting that Defendants have actually pursued such a claim or attempted to enforce such a claim.[3]

The Amended Complaint is, in the Court's view, almost entirely incomprehensible, consisting of scatter shot, conclusory, and formless allegations without appropriate specific factual underpinnings tying the claims to any cognizable claims.

As an initial matter, the Amended Complaint fails to ascribe any particular actions to any particular Defendant. Accordingly, the Defendants and the Court are unable to reasonably infer which Defendants are "liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. *See also Turton v. Virginia Dep't of Educ.*, No. 3:14CV446, 2014 WL 12539403, at *2 (E.D. Va. Sept. 23, 2014).

Moreover, the few bare factual assertions that can be gleaned from the Amended Complaint—that Defendants implemented improper noticing procedures and asserted a wrongful claim of interest in the Property—do not, as stated, amount to actionable claims. The Amended

---

[3] For example, Rufus does not allege that there is a foreclosure proceeding pending related to the Property.

Complaint fails to specify what improper noticing procedures Defendants implemented, when, or even in what context Defendants' duties to Rufus arose. Without further factual allegations to this effect, the Court cannot accept Rufus' conclusory statements as sufficient, *see E. Shore Markets*, 213 F.3d at 180, and will not do so here.[4] In other words, Rufus' Amended Complaint does not properly allege in sufficient detail precisely in what respect Defendants' actions amounted to fraud, negligence, or misrepresentation or implicated her due process or constitutional rights.

In sum, the Amended Complaint does not meet the requirements of Federal Rule of Civil Procedure 8.[5] As such, it prevents Defendants from providing a meaningful response. *See Twombly*, 550 U.S. at 555 (internal quotations and citations omitted) (holding that the complaint must contain factual allegations sufficient to apprise a defendant of "what the . . . claim is and the grounds upon which it rests"). While the Court recognizes this is a *pro se* Complaint, "the leeway extended to a *pro se* plaintiff must be tempered to require the plaintiff to comply with the Federal Rules of Civil Procedure, including the pleading requirements of Rule 8." *Adam v. Wells Fargo Bank, N.A.*, 2010 WL 3001160, at *3 (D. Md. July 28, 2010). The Court "cannot construct the plaintiff's legal arguments for [her]." *Id.* Even so, the Court is not quite ready to dismiss this case outright.

---

[4] Rufus' claims are precisely the sort of conclusory statements that "fail to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 556.

[5] Furthermore, as Seneca argues, the Court may lack subject matter jurisdiction. Rufus alleges diversity jurisdiction. However, she is a Maryland resident and while she does not provide addresses for the individual Defendants in her Amended Complaint, the addresses she provided on the summonses for the individual Defendants are both Maryland addresses. 28 U.S.C. § 1332 gives federal district courts original jurisdiction of all civil actions "between . . . citizens of different States" where the amount in controversy exceeds $75,000. *See* § 1332(a)(1). As the Supreme Court has explained countless times, the statutory formulation "between . . . citizens of different States" requires *complete* diversity between *all* plaintiffs and *all* defendants. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, (1996) ("28 U.S.C. § 1332(a), thus applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant.").

Accordingly, the Court will give Rufus sixty (60) days to file a Second Amended Complaint, fortifying her Amended Complaint with appropriately detailed allegations. Specifically, (1) she must set forth a cognizable claim or claims—whether fraud, misrepresentation, negligence or a statutory or constitutional cause of action—(2) she must state a basis for either federal or diversity jurisdiction, providing factual support for such jurisdiction; and (3) she must give each Defendant fair notice of the precise circumstances giving rise to the claims against that particular Defendant. The Court strongly recommends that prior to filing her Second Amended Complaint, Rufus consult an attorney and conduct the appropriate preparatory work with respect to the deficiencies raised herein in order that the Court may adequately address her claims.

Additionally, the Court notes that Rufus has failed to effect service on Gerald Dupree over three months after the original Complaint was filed in this Court. Per Federal Rule of Civil Procedure 4,[6] Local Rule 103, the time to serve Dupree has clearly expired. Accordingly, Rufus shall show good cause in writing within 21 days as to why her lawsuit should not be dismissed without prejudice against Dupree pursuant to Local Rule 103.

---

[6] "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Federal Rule of Civil Procedure 4(m).

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 16) is **GRANTED IN PART** and **DENIED IN PART**. The Court **DISMISSES** Rufus' Amended Complaint (ECF No. 15) **WITHOUT PREJUDICE** against all Defendants, as set forth in the accompanying Order.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**June 14, 2017**