IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BRENDA RUFUS,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No.    **PJM 17-351** |
| **SENECA MORTGAGE SERVICING, LLC,** *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

This is a case where a pro se Plaintiff, having apparently sought "online" legal advice after filing flawed Original and Amended Complaints, clearly does not understand the law and legal system and is asking for exorbitant sums of money based on so-called legal claims that do not exist. It is unclear from the pleadings what Plaintiff's status is vis-à-vis the property in question—10502 Cedarwood Lane, Fort Washington, Prince George's County, Maryland—nor is it clear whom she is suing and for what, but from the pleadings it appears that Plaintiff is not even the owner but instead a tenant on the property, which is owned by someone else[1]. It further appears that Plaintiff feels that she has made payments as a renter to someone who did not properly apply her payments to her rent. Plaintiff makes reference in her Original Complaint to a note and a deed, but never indicates if the deed is in her name or if the note is signed by her. If she is neither the owner of the property nor the signatory of the note, she obviously lacks standing to pursue claims relative to the deed and note in this (or any) court. In any event, this

---

[1] In fact, the Court has confirmed with the Land Records Division of the Circuit Court for Prince George's County that, as of April 24, 2017, the deed to the property is in the name of Residential Mortgage Loan Trust and that the prior owners were Jennifer L. Dupree and Gerard J. Dupree. It appears that the most recent title may have been taken in lieu of foreclosure. There is no record of Brenda Rufus ever having any ownership interest in the property.

1

much is clear: Plaintiff has set forth no facts in the pleadings she has filed heretofore that suggest anything like a denial of constitutional rights (which ordinarily do not apply in dealings between private citizens or companies, as opposed to cases where governmental actions are involved).

Beyond that, perhaps in an effort to avoid jurisdictional problems, Plaintiff has improperly failed to write in the addresses of some Defendants, either in her Complaint or Amended Complaint, indicating merely that they are "on file." She states that she has subsequently dropped Defendant Dupree because of his Maryland residence (which the Court only discovered because of the address listed on the Summons Plaintiff sent him), but the Summons to Defendant Radziewicz (also discovered by the Court) also runs to an address in Stevensville, Maryland. This means that there is a continuing lack of total diversity of citizenship, which deprives the Court jurisdiction over any causes of action for fraud, negligence, and misrepresentation, none of which are federal question cases.

Acknowledging whatever anguish Plaintiff may be going through with respect to the property, she may not simply file a case in federal court and ask for an opportunity to be heard. Defendants, whether companies or individuals, are entitled to have prompt dismissal of groundless lawsuits that may be filed against them. This is such a lawsuit.

Plaintiff asks for yet another opportunity to be heard. There is no right to be heard orally, even as to dispositive motions, in federal court. *See Spark v. Catholic University of America*, 510 F.2d 1277, 1280 (D.C. Cir. 1975) ("[D]ue process does not include the right to oral argument on a motion . . . ."); Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). Allowing litigants, pro se or otherwise, to pursue futile oral arguments or file unfounded supplementary pleadings is fair neither to Defendants, the Court, nor to other litigants who may have valid claims to pursue. The

Court has an obligation as a gatekeeper to be sure that the claims it does hear are well grounded in the law and not merely based on unspecific grievances that the law does not recognize.

The unalterable fact remains that Plaintiff has not given any indication of having a claim cognizable in this Court.

For these reasons, Defendant Seneca Mortgage Servicing, LLC's Motion to Strike (ECF No. 25) is **GRANTED**, Plaintiff's Motion to be Heard (ECF No. 27) is **DENIED**, Plaintiff's claims are **DISMISSED WITH PREJUDICE** as to all Defendants, and the Clerk of the Court is directed to **CLOSE** this case.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**August 28, 2017**